# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLO CLEVELAND, | CASE NO. 09cv208-WQH-JMA |
| Plaintiff, | ORDER |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | |
| Defendant. | |

HAYES, Judge:

The matter before the court is the review of the Report and Recommendation (Doc. # 16) issued by United States Magistrate Judge Jan M. Adler, recommending that Plaintiff's Motion for Motion for Summary Judgment (Doc. # 11) be denied and Defendant's Cross-Motion for Summary Judgment (Doc. # 15) be granted.

## BACKGROUND

On May 24, 2006, Plaintiff filed an application for supplemental security income benefits. (Admin. R. at 10, Doc. # 9). Plaintiff's claim was denied at the initial level and upon reconsideration. *Id.* at 10. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on October 16, 2007. *Id.* On February 29, 2008, the ALJ issued a written decision finding that Plaintiff has not been under a disability, as defined in the Social Security Act, since the date Plaintiff's application was filed. *Id*. at 20. On December 5, 2008, the Appeals Council for the Social Security Administration denied Plaintiff's request for further review. *Id*. at 1.

On February 4, 2009, Plaintiff, represented by counsel, commenced this action seeking judicial review of Defendant's decision pursuant to 42 U.S.C. § 405(g). On October 2, 2009, Plaintiff filed a Motion for Summary Judgment. (Doc. # 11). On November 5, 2009, Defendant filed a Cross-Motion for Summary Judgment. (Doc. # 15).

On July 23, 2010, the Magistrate Judge issued the Report and Recommendation. (Doc. # 16). The Report and Recommendation recommends that Plaintiff's Motion for Summary Judgment be denied and Defendant's Cross-Motion for Summary Judgment be granted. With respect to Plaintiff's contention that the ALJ failed to give controlling weight to the opinion of Dr. John Donnelly, Plaintiff's treating physician, the Magistrate Judge concludes:

> [T]he ALJ articulated specific and legitimate reasons based on substantial evidence in the record for rejecting Dr. Donnelly's opinions and adopting the opinions of Dr. Goldberg instead. [The ALJ] set out a detailed thorough summary of the facts and conflicting clinical evidence, stated her interpretation thereof, and made findings, as required. The Court further finds the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence, including the treating notes of Dr. Donnelly, two examining psychiatrists (Dr. Fijman and Dr. Rodriguez), and a non-examining medical adviser (Dr. Goldberg). For the aforementioned reasons, the Court finds the ALJ did not err by giving reduced weight to Dr. Donnelly's opinions regarding Plaintiff's work limitations and in finding Plaintiff is not disabled.

*Id.* at 17 (citations omitted). The Report and Recommendation states:

> Any party may file written objections [to the Report and Recommendation] with the Court and serve a copy on all parties on or before **August 9, 2010**. ... Any reply to the Objections shall be served and filed on or before **August 20, 2010**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.

*Id.* at 17-18 (citation omitted).

The docket reflects that no objections to the Report and Recommendation have been filed.

### REVIEW OF THE REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not

review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The evidence must be more than a mere scintilla but not necessarily a preponderance." *Id*. (quotations omitted). An ALJ "must provide specific and legitimate reasons for rejecting the opinion of a treating physician. The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings." *Id*. at 1041 (quotations omitted).

After review of the Report and Recommendation, the written opinion of the ALJ, the administrative record, and the submissions of the parties, the Court concludes that the Magistrate Judge correctly found that the ALJ articulated specific and legitimate reasons based on substantial evidence in the record for rejecting Dr. Donnelly's opinions. The Magistrate Judge correctly found that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

## CONCLUSION

IT IS HEREBY ORDERED that: (1) the Report and Recommendation (Doc. # 16) is ADOPTED in its entirety; (2) Plaintiff's Motion for Summary Judgment (Doc. # 11) is DENIED; and (3) Defendant's Cross-Motion for Summary Judgment (Doc. # 15) is GRANTED. The Clerk shall enter judgment for Defendant and against Plaintiff.

DATED: August 26, 2010

**WILLIAM Q. HAYES**
United States District Judge